## L. H. WOOSTER vs. WILLIAM H. McKINLEY.

The provisions of section two of the civil code providing that it shall be construed liberally *applied* to the justices' act.

The plaintiff below, before a justice of the peace, filed his bill of particulars for ninety-nine dollars and thirteen cents, and the defendant filed a set-off of fifteen dollars eighty-six and a half cents. After a jury was summoned, the plaintiff amended his bill by adding items to the amount of twenty dollars, and the defendant added to his items eleven dollars. Before the submission of the case to the jury, the plaintiff withdrew all the additional items except five dollars, and the defendant all his additional items.

*Held,* that the justice was not divested of jurisdiction of the case by plaintiff's amendment.

*Held,* that, on appeal of such a case to the district court of the county by plaintiff, the sustaining by the court of a motion made by defendant to "strike" the proceedings from the files for the reason that " the amount claimed in the bill of particulars of the plaintiff exceeds the jurisdiction of the justice" was error.

The bills of particulars before justices *held* to be a substitute for the "petition" and "answer" in court of record under the code.

Sections one hundred and ten and one hundred and eleven of the civil code authorizing the filing of a reply to the answer, make provision for the precise state of facts existing in the case at bar.

Under the provisions of section fifty-five of the justices' act that "the bill of particulars may be amended at any time before the trial; during the trial, or upon appeal, to supply any deficiency or omission in the items, when by such amendment substantial justice will be promoted," a plaintiff may defend against the new matter set up by the defendant by alleging new matter on his part not inconsistent with his original claim.

The facts of the case appear in the opinion of the court.

*Gilchrist & Williams*, for plaintiff in error.

If the justice had no jurisdiction he erred in giving judgment for the defendant, and his judgment should have been set aside by the district court.

There was a judgment rendered against the plaintiff for three dollars and eighty cents, from which he took an appeal in due form, and the district court should have either affirmed or reversed that judgment.

The court was clearly wrong in determining the question of jurisdiction by reference to the *items* contained in the plaintiff's bill of particulars, instead of the amount *claimed* by plaintiff.

The third section of "an act regulating the jurisdiction of justices of the peace," (*Statutes* 1859, *p.* 504,) provides "when the balance claimed to be due on any open or unsettled account, or on any bill, note or bond, shall be less than one hundred dollars, the party by whom such balance shall be claimed, may commence his action therefor before a justice of the peace who shall have power, *and he is hereby authorized* to hear and determine the matters in controversy, *without regard* to the *amount* of the original account or contract, and he may render judgment for any balance found due, not exceeding one hundred dollars." * * *

Now, it is too clear for argument or doubt, that it is the *balance claimed to be due,* and not the account which determines the question of jurisdiction.

The account may be for more than one hundred dollars, and the justice would have jurisdiction if the balance claimed to be due does not exceed one hundred dollars, and even if the balance *proved* to be due should exceed one hundred dollars, the justice might, with consent of plaintiff, remit the excess and give judgment for one hundred dollars. (*Statutes* 1859, *p.* 504, § 3; *Voorhies N. Y. Code, p.* 56, *note a; Tuttle vs. Maston,* 1 *Johns. Cases, p.* 25; *Cahill vs. Dolph,* 1 *Johns. Cases, p.* 333; *Justice's Manual, 3d Ed., p.* 13; 24 *Wendell R., p.* 113; 12 *Johns. R., p.* 425.)

The question of jurisdiction with a justice of the peace does not depend upon *the amount of claim filed. But the real amount due, ascertained from the evidence, furnishes the test.* (*Clark vs. Whitbeck,* 14 *Ills.,* 393, *and cases cited.*)

No counsel for defense.

By the Court, BAILEY, J. On the 14th of November, A. D. 1860, Wooster commenced an action against McKinley be-

fore G. F. Goodnow, Esq., justice of the peace for the county of Davis, and filed his bill of particulars, amounting the sum of ninety-nine dollars and thirteen cents, and on the same day summons was issued by the justice, on the back of which was the following indorsement, viz. :

"Amount for which judgment is claimed, $99.13."

On the 20th of November, the parties appeared and the case was adjourned by agreement to the 27th of November, when the defendant, McKinley, filed his bill of particulars, by way of set-off, amounting to fifteen dollars eighty-six and a half cents. The case was further adjourned to the 13th of December, when the plaintiff amended his bill of particulars by inserting additional items to the amount of twenty dollars. Whereupon the defendant amended his bill of particulars by inserting additional items to the amount of eleven dollars.

The case was then tried by a jury, but before it was finally submitted, the plaintiff withdrew all of his additional bill of particulars, except five dollars, and the defendant with-drew all his additional items. The jury found a verdict for the defendant in the sum of three dollars and eighty cents, ($3.80,) upon which judgment was rendered. Whereupon the plaintiff, Wooster, appealed to the district court of Davis county.

The cause came on for hearing at the September term of the court, 1861, and on the third day of September the counsel for defendant moved the court to "strike" the proceedings from the files for the following reasons :

"The amount claimed in the bill of particulars of the plaintiff exceeds the jurisdiction of the justice."

The court sustained the motion and the plaintiff brings his case before this court by petition in error, alleging that the district court erred in striking the papers from the files. The case presents no other questions.

The statute in force at the time the action was commenced, was the act entitled "an act regulating the jurisdiction and

proceedure before justices of the peace, and of the duties of constables in civil cases," approved February 8, 1859.

Section two of that act provides that justices of the peace within and coextensive with their respective counties, shall have jurisdiction and authority in twelve different classes of cases, the twelfth and last of which is as follows :

"Twelfth, to issue summons and take cognizance of all cases where the *sum in controversy does not exceed one hundred dollars."*

SECTION 3. *When the balance claimed to be due* on any open or unsettled account, or on any bill, note or bond *shall be less than one hundred dollars,* the party by whom such balance shall be claimed, may commence his action therefor before a justice of the peace, who shall have power, and he is hereby authorized to hear and determine the matters in controversy, without regard to the amount of the original account or contract, and he may render judgment for any balance found due, not exceeding one hundred dollars, &c."

Section twelve of the same act directs that "there shall be indorsed on the writ the amount for which the plaintiff will take judgment if the defendant fail to appear."

With these facts, and the law governing the facts before us, let us inquire in the first place what was the sum in controversy between these parties before the justice.

Most unquestionably, at the commencement of the suit and at the time of the several adjournments had in the case, from the 20th of November to the 27th of November, to the 11th of December and finally to the 13th of December, the amount in controversy was ninety-nine dollars and thirteen cents, being the amount indorsed on the back of the summons, in compliance with the statute provision, and also the whole amount set out in the plaintiff's bill of particulars.

The justice, therefore, *during all that time,* till after a jury had been demanded by the defendant, had been summoned by the justice, and had appeared in obedience to the summons,

Wooster *v.* McKinley.

had undoubted jurisdiction of the case. Jurisdiction having once vested in the justice and been exercised in summoning witnesses and jurors, was it divested by the act of the plaintiff on amending his bill of particulars on the 13th of December, after the jury had been empannelled and sworn?

Section fifty-three of the justices' act is proper to be considered in this connection.

"SECTION 53. In all cases before a justice, the plaintiff, his agent or attorney, shall file with such justice a bill of particulars of his demand, and the defendant, if required by the plaintiff, his agent or attorney, shall file a like bill of particulars, he may claim as a set-off, *and the evidence on the trial* shall be confined to the items set forth in said bills."

In the case before us, the defendant having filed his set-off, amounting to fifteen dollars and eighty cents against the plaintiff's original claim of ninety-nine dollars and thirteen cents, the plaintiff replies bp filing an amended bill, setting forth additional particulars or items of dealing between himself and the defendant. Are we to understand from the filing of the amended bill, that the plaintiff enlarges his demand, or that in view of the defendant's claim for set-off, he amends his bill, in order that he may not be precluded by the statute provision we have just cited, from offering evidence as to his whole case?

If, upon examination of the defendant's bill of particulars, the plaintiff had found a portion of the items just and right in themselves, but considered them as having been previously settled for, and allowed in set-off to other items of account on his part, not included in his original bill of particulars, is it not evident that he might deem it necessary to amend his bill of particulars, in order that he might give evidence as to his whole case, lest, being confined on the trial to the items set forth in his original bill of particulars, whatever portion of the defendant's set-off should be deemed proved by the jury, might be erroneously deducted from the amount proved on his

part, while he was prohibited from proving other items which should have set-off and counterbalanced the defendant's claims ?

The justices' act, as well as the code, must be "construed liberally with a view to promote its object and assist the parties in obtaining justice." (*Code,* § 2.)

" No pleadings are required before a justice, but these bills of particulars are required to state, in a plain and concise manner, the cause of action or the claim to be set-off," (*Justices' Act,* § 54,) making the bills of particulars before a justice a substitute for the "petition" and "answer," in courts of record. But the code provides that in a certain contingency, the plaintiff, in a court of record, may file a "reply" to the defendant's answer, as follows, viz. :

"SEC. 110. There shall be no reply except upon the allegation of a counter claim or set-off in the answer.

"SEC. 111. When the answer contains new matter constituting a counter claim or set-off, the plaintiff may reply to such new matter, denying generally or specifically each allegation controverted by him, and he may allege in ordinary and concise language, and without repetition, any new matter not inconsistent with the petition, *constituting a defense to such new matter in the answer,* or he may demur to the same for insufficiency, stating in his demurrer the grounds thereof, and he may demur to one or more of such defences set up in the answer and reply to the residue."

It will be seen that these sections of the *code* make provision for the precise state of facts we have supposed to exist in the case under consideration. It can hardly be supposed that the justices' act would leave such a contingency entirely unprovided for, and accordingly, we find, on examination, that ample provision is made for such cases by way of an amendment to the bill of particulars.

Section fifty-five of the justices' act provides that "the bill of particulars may be amended at any time before the trial or

Wooster *v.* McKinley.

during the trial, or upon appeal, to supply any deficiency or omission in the items, when, by such amendment, substantial justice will be promoted."

It was under this provision that the plaintiff in error sought to defend against the new matter set up by the defendant by alleging new matter on his part, not inconsistent with his original claim. He had given notice to his opponent at the outset of the proceedings, of the exact amount of his claim, by indorsement on the back of the summons, and if it is contended he was not bound by such indorsement after the appearance of the defendant, it may, we think, be well answered, that by the very act of commencing suit before a justice of the peace, where he could not possibly recover judgment for more than one hundred dollars, exclusive of interest and cost, he must be understood to have conclusively limited his claim to that amount.

Section one hundred of the justices' act provides that the plaintiff, in case the amount found due exceeds the sum of one hundred dollars, may remit the excess.

The judgment of the court below is reversed, and the cause remanded for further proceedings upon the appeal.

KINGMAN, J., concurring.

The chief justice took no part in the decision, the cause having been argued at a previous term, before he went upon the bench.