SAMUEL EDENFIELD v. DAVID BARNHART.

*Error from Neosho County.*

ERROR: DISMISSING AN APPEAL.—Error does not lie to this court from an order of the district court refusing to dismiss an appeal until the cause is finally disposed of.

This action, commenced before a justice, went to judgment in that court, and following the taxation of costs is the following entry:

"January 12, 1868.—Defendant presents an appeal bond, signed by his attorney, Joel Barnhart, which bond was deemed insufficient."

The next entry is of the issuing of an execution, January 15th; the next and last, the return of the execution, January 22d.

The record also contains a bill of exceptions, settled, signed and filed on the 17th of October, 1869, whereby it appears that plaintiff, Edenfield, on the 12th of October filed his motion to dismiss the appeal for the following causes:

"1. That said appeal was not taken and perfected as required by law.

"2. That said defendant did not file a transcript of said judgment within the time prescribed by law."

This is a sufficient statement of the facts of the case for the presentation of the point decided.

*W. C. Webb*, for plaintiff in error.

*M. V. Voss*, for defendant in error.
    VOL. V.—15,

*Mr. Webb*, for plaintiff in error, submitted a brief on points doubtless involved in the merits of the action, and on the point of their jurisdiction determined by the court; he filed the following:

It has been suggested that the order of the court below is not a "final order," and not reviewable by this court. "The jurisdiction of the court may be questioned at any time." It may be raised as well by motion as by plea or answer, and it would be a singular proceeding which should send the plaintiff in error back to the district court, there to submit to a trial upon the merits, before he could secure a decision on the question whether the court had jurisdiction of the action. This court is not literally restricted to the powers enumerated in section three, article three, of the constitution. It is the Supreme Court, and as such, it has and must exercise, *ex necessitate*, a supervisory control over inferior courts, to keep them within their proper jurisdiction.

No brief for the defense.

*By the Court*, KINGMAN, C. J.

The plaintiff in error moved to dismiss an appeal from a justice of the peace. The court below refused to dismiss, which refusal was excepted to and the cause brought to this court to reverse that order. The error complained of is one that cannot be brought to this court till the case is finally disposed of. The order is not a final one, nor does it involve the merits of the action or any part thereof, nor is it one of the special orders enumerated in the code from which error lies before the final decision of the cause.

The petition in error must be dismissed.

All the justices concurring.