## O. P. McCulloch v. S. H. Dodge, *et al.*

1. PRACTICE; *Opening Default; Review of Order.* An order of the district court setting aside a judgment rendered on a default and allowing the defendants to answer to the petition of the plaintiffs is not such an order as may be reviewed by the supreme court while the suit is still pending in the district court.

2. ———— Sections 542 and 543 of the civil code, relating to orders reviewable by the supreme court, considered and construed.

*Error from Lyon District Court.*

McCulloch brought ejectment against *Dodge* and *Holden* to recover the possession of 220 acres of land. The summons was duly served. The answer-day was January 5th, 1871. Defendants failing to answer, the plaintiff, at a special term of the court, on the 18th of January, moved for and obtained

final judgment against defendants for the recovery of the land. On the 7th of March defendants appeared and moved to set aside the default, and for leave to answer. Said motion appears to have been heard upon oral testimony, upon the single question of laches, and without presenting an answer. The court found that defendants "had good and equitable reasons for being in default," and set aside the judgment, and gave defendants leave to answer. From this order plaintiff appeals, and brings the case here by petition in error.

*Almerin Gillett,* for plaintiff in error.

*Martin, Burns & Case,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This is a petition in error brought in this court by McCulloch, who was plaintiff below, to reverse an order of the district court setting aside a judgment in favor of the plaintiff and against the defendants. The said judgment was rendered on default. Afterwards it was set aside on motion of the said defendants, and they were allowed to file an answer to the plaintiff's petition. The action was for the recovery of real estate.

The first question arising in the case is whether said order of the district court is reviewable in this court. The supreme court has such appellate jurisdiction only as is provided by law: Const., art. 3, § 3. The law (civil code, Gen. Stat., page 735,) provides as follows:

"SEC. 542. The supreme court may reverse, vacate or modify a judgment of the district court, for errors appearing on the record; and in the reversal of such judgment or order, may reverse, vacate or modify any intermediate order involving the merits of the action, or any portion thereof. The supreme court may also reverse, vacate or modify any of the following orders of the district court, or a judge thereof: *First,* A final order. *Second,* An order that grants or refuses a continuance; discharges, vacates or modifies a provisional remedy; or grants, refuses, vacates or modifies an injunction; that grants or refuses a new trial; or that confirms, or refuses to confirm, the report of a referee; or that sustains or over-

rules a demurrer. *Third,* An order that involves the merits of an action, or some part thereof.

"Sec. 543. An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified or reversed, as provided in this article."

These are the only provisions of law prescribing what proceedings of the district court in civil cases may be reviewed by the supreme court. Now we suppose it will not be claimed that said order of the district court setting aside' said judgment and default, and permitting the defendants to answer, is a *judgment* of any kind, and therefore we must look further and see if it is such an *order* as may be reviewed by the supreme court.

*First:* Is it "a final order?" We suppose not; for if it is a valid order the suit is still pending in the district court just as it. was before any judgment was rendered in the case. We suppose it will not be claimed that it is "an order affecting a substantial right in an action,"and which "in effect *determines the action and prevents a judgment.*" Nor will it be claimed that it is "an order affecting a substantial right, made in a *special proceeding,*" for the order was made in the main action itself, and not in a special proceeding; nor do we.think it can be claimed that it is "an order affecting a substantial right made upon a summary application in an action after judgment," for such an order undoubtedly has some connection with the enforcement of the judgment and not with vacating it or setting it aside. An order made upon a summary application after judgment, is not an order that attacks the judgment, as an order granting a new trial after judgment, or an order setting aside or vacating a judgment for some irregularity; neither is it an order made after the judgment has been set aside, vacated, or reversed; it is simply an order made after judgment concerning some proceeding connected with the judgment, and for its enforcement, while the judgment is still valid and subsisting, and without questioning the validity or

regularity of the judgment; it is simply an order taxing or re-taxing costs; an order confirming or setting aside a sheriff's sale; an order amercing the sheriff or the clerk for refusing to pay over money collected or received on the judgment; an order in aid of execution, or some other such summary order in the case.

*Second:* It will not be claimed that the order of the district court setting aside such judgment and default and permitting the defendants to answer is "an order that grants or refuses a continuance, discharges, vacates, or modifies a provisional remedy, or grants, refuses, vacates, or modifies an injunction," or "that refuses a new trial;" and we hardly suppose it will be claimed that *it* is an order "that grants a new trial," as no former trial had ever been had, nor even any issue of either law or fact had ever been made upon which any trial could have been had. "A new trial is a *re-examination* in the same court of an *issue of fact*, after a verdict by the jury, report of a referee, or decision by the court."–Code, § 306. "An *issue of fact* arises, first, upon a material allegation in the petition, controverted by the answer; or second, upon new matter in the answer controverted by the reply; or third, upon new matter in the reply which shall be considered as controverted by the defendant without further pleading."–Code, § 263. Not even an issue of law had ever been raised in this case, as the said defendants were wholly in default, not only having failed to answer, but also having failed to demur.–Code, § 262. Neither will it be claimed that the said order of the court below is one "that confirms or refuses to confirm the report of a referee, or that sustains or overrules a demurrer."

*Third:* Neither will it be claimed that said order is "an order that involves the merits of the action, or some part thereof." It simply opens up the judgment and the default, and allows the said defendants to answer, so that the merits of the action may be heard and considered, and the case disposed of on its merits. Courts will always as far as they can favor rulings that will allow cases to be disposed of on their merits, and will always as far as they can discountenance every attempt to prevent cases from

being heard on their merits. We do not think that the said order of the district court is at the present time reviewable in this court, and therefore the petition in error must be dismissed.

All the Justices concurring.