P. J. CLEVENGER *et al.* V. NEILS HANSEN *et al.*

1. JUDGMENT, *Too Large, May be Modified.* Where the record shows that a judgment in the trial court is entered for a sum larger than the plaintiff is entitled to under his petition, it may be modified by the court at or after the term at which the judgment was rendered.

2. JUDGMENTS *Against Stockholders — Executions — Pro-Rata Distribution.* Where two or more suits are commenced under ¶ 1204, General Statutes of 1889, and judgments are obtained against the stockholders in such suits at the same term, and executions are issued thereon during the term or within ten days thereafter, the fund raised thereon, or upon any one of such executions, must be distributed *pro rata* among all such execution creditors.

*Error from Brown District Court.*

THE case is sufficiently stated in the opinion.

*W. W. & W. F. Guthrie,* for plaintiffs in error.
*Jas. Falloon,* for defendants in error.

Opinion by STRANG, C.: This case comes here on error from the district court of Brown county. January 29, 1886, the plaintiffs obtained judgments against the Elevator and Mill Company, at Everest, Kansas, for $7,146.50. April 30, 1886, the said Elevator and Mill Company was dissolved by proceedings had in court. April 25, 1887, the plaintiffs commenced suit in the court below, under ¶ 1204, General Statutes of 1889, to ascertain and establish the liability of the defendants as stockholders in said Elevator and Mill Company. February 22, 1888, they obtained a judgment or order ascertaining and establishing such liability; and on the same day the plaintiffs issued their execution to Atchison county, Kansas, where, being indorsed "No goods," it was, on the 24th day of said month, levied upon the land of the defendant Honnell. Pending the appraisement and sale of the land so levied upon, and before said land had been sold, the plaintiffs· were notified by the clerk of the district court of Brown county, whence the execution issued, that the money thereon

had been paid into court, and the plaintiffs were asked to return their execution, which they did, and on March 14 received by their attorney from the clerk of the court the amount of their judgment, less $843.08 — the clerk claiming that they were not entitled to the latter amount, because their judgment was so much too large. Bemis Brothers, who had a judgment in the same court against the Elevator and Mill Company, commenced suits in the district court in the same county, July 6, 1887, to ascertain and fix the liability of the same defendants as stockholders in the same company; and on August 31 the defendants Aiken and Hansen, having each a judgment against the Elevator and Mill Company, commenced their suits to ascertain and establish the liability of the defendant stockholders in said company. Bemis Brothers and Aiken and Hansen each obtained their judgments or orders ascertaining and fixing the liability of the defendant stockholders at the same term during which the plaintiffs obtained theirs. The defendants Aiken and Hansen, and Bemis Brothers, issued their executions on the 27th of February, and they were placed in the hands of the sheriff of Brown county. On the 19th of March these executions were returned. On the 20th Bemis Brothers received from the clerk, out of the $843.08 in his hands, the full amount of their claim, and on the next day the clerk divided the residue between Hansen and Aiken. At the next term of the district court, May 9, 1888, a motion was filed in all the cases asking that each of the judgments therein be corrected, and that the whole sum of money paid into court by Honnell and Henney, $5,500, be pro-rated among all the said judgment creditors. This motion was resisted by the plaintiffs, but it was sustained. The court modified the judgment of plaintiffs by reducing it to the sum of $4,218.60. The court also pro-rated the $5,500 among all the judgment creditors, giving the plaintiffs $3,392.50 instead of $4,218.60.

The plaintiffs complain of the ruling of the court upon both branches of the motion. They say that the court had no right upon the motion as filed, at the time when filed, to modify

their judgment.   An examination of the plaintiffs' petition shows that they claimed a judgment for $7,146.50, and $142 costs and interest, less a credit of $3,500.   Without stopping to figure the exact amount plaintiffs thus claimed a judgment for, it is certain it was for a sum considerably less than the amount for which they recovered judgment.   The judgment being for a sum larger than the plaintiffs claimed, with interest and costs, it appears upon the record that the judgment was too large, and for a sum in which the court was not authorized to render it.   The jurisdiction of the subject-matter is limited by the plaintiffs' claim in their petition, and if by mistake a judgment is rendered for a sum beyond the jurisdiction of the court in the case, the court undoubtedly may correct it on motion.   The case of *Tobie v. Comm'rs of Brown Co.*, 20 Kas. 14, settles the right of the court to correct its judgment at or after the term at which the judgment is rendered; also *Small v. Douthitt*, 1 Kas. 335.   The court therefore committed no error in modifying the plaintiffs' judgment so as to make it correspond with the sum the plaintiffs had a right to recover.

The second question is one that has given us more trouble. It would seem that under the circumstances surrounding and attending this case the plaintiffs should recover the full amount of their modified judgment.   But turning to the General Statutes of 1889, ¶ 4544, we find it reads as follows:

"When two or more writs of execution against the same debtor shall be sued out during the term in which judgment was rendered, or within ten days thereafter, and when two or more writs of execution against the same debtor shall be delivered to the officer on the same day, no preference shall be given to either of such writs; but if a sufficient sum of money be not made to satisfy all such executions, the amount made shall be distributed to the several creditors in proportion to the amount of their respective demands.   In all other cases the writ of execution first delivered to the officer shall be first satisfied.   And it shall be the duty of the officer to indorse on every writ of execution the time when he received the same; but nothing herein contained shall be so construed as to affect any preferable lien which one or more of the judg-

ments on which execution was issued may have on the lands of the judgment debtor."

This section provides that where two or more executions against the same debtor shall be sued out during the term in which judgment was rendered, or within ten days thereafter, no preference shall be given either of said writs. In this case all the judgments were rendered at the same term, and all the writs were issued out during the same term. It seems to us, that whatever would be the rights of the plaintiffs under the general authorities in relation to the distribution of funds recovered upon judgments against stockholders of a corporation, our statute above quoted applies under the circumstances of this case, and renders the fund raised upon the execution of the plaintiffs subject to a *pro-rata* distribution among all the creditors having judgments at the same term upon which executions were issued during the term.

It is argued that an order obtained in a proceeding instituted under ¶ 1204, General Statutes of 1889, to ascertain the liability of stockholders of a corporation, is not a judgment; that the proceeding under this statute is not an ordinary action at law or proceeding in equity, but is a special proceeding to ascertain the amount of a liability that does not grow out of the relation of debtor and creditor, but exists solely by the terms of the statute, and that therefore the provisions of ¶ 4544 above quoted do not apply. The language of ¶ 1204 is:

"If any corporation created under this or any general statute of this state, except railway or charitable or religious corporations, be dissolved leaving debts unpaid, *suits* may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the corporation in such suit; and if *judgment* be rendered and *execution* satisfied," etc.

Suits may be brought, a *judgment* recovered and *execution* issued under this statute. If the legislature did not contemplate an action and a judgment under the statute, it was very unfortunate in the selection of its language. We feel con-

strained to say that the result of a proceeding under the statute is a judgment, and that executions on such judgments are subject to the provisions of ¶ 4544, General Statutes of 1889. We therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.