HOWARD GRAY v. JACOB HAISH.

No. 47.

1. ORDER FOR NEW TRIAL — *Review.* The power to review an order of the district court that grants or refuses a new trial, as set forth in paragraph 4641 of the General Statutes of 1889, refers to new trials granted or refused on statutory grounds, contained in paragraph 4401 *id.*, and not to orders setting aside judgments because they were rendered before the action regularly stood for trial.

2. ———— *When not Reviewable.* An order setting aside a judgment because it is alleged to have been rendered before the action regularly stood for trial is not reviewable by this court while the action is still pending, undetermined, upon its merits, in the court below.

3. ACTION TO QUIET TITLE — *Jurisdiction.* In an action to quiet title to real estate, where the record does not show such amount in controversy as gives this court jurisdiction, and the judge of the district court does not certify that it is one of the excepted cases, we must dismiss the case for want of jurisdiction.

MEMORANDUM. — Error from Stafford district court ; ANSEL R. CLARK, judge. Action brought by Howard Gray against Jacob Haish. The court sustained a motion of defendant, Haish, to open up and set aside a judgment formerly made, and from that decision plaintiff brings the case here. Dismissed. The opinion, filed January 17, 1896, states the case.

*J. W. Rose, Paul R. Nagle,* and *Mosely & Dixon,* for plaintiff in error.

*Whiteside & Gleason,* for defendant in error.

The opinion of the court was delivered by

DENNISON, J. : This is an action brought by Howard Gray, as plaintiff, against Jacob Haish, a non-resident of the state of Kansas, as defendant. Service was made by publication, and judgment was rendered by default against said Haish. Said defendant, upon

10—2 APP.

proper proceedings, procured the vacation of said judgment, and permission to answer *instanter;* whereupon said defendant filed his answer and cross-petition, and the cause was, on February 8, 1894, continued until the next term of the court. On March 1, 1894, the said plaintiff filed a motion asking the court to compel the said defendant to make his answer more definite and certain. At the May term of said court the cause was continued to the next term of court. No action was had on said motion at said May term. At the October term of said court the motion to make more definite and certain was overruled, and the plaintiff filed a reply to the answer of the defendant, leave of the court having first been obtained. At said October term, judgment was rendered against the said defendant in favor of said plaintiff. There was no appearance of said defendant at said October term of court. Thereafter, on February 5, 1895, said defendant filed a motion to vacate and set aside said judgment, for the following reasons, to wit:

"(1) Because of the rendition before the action stood regularly for trial, and without the presence or knowledge of defendant; (2) because the alleged judgment was taken in the absence of defendant, on the day plaintiff filed his reply to defendant's answer and cross-petition, viz., October 18, 1894, the last term before the present term of this court."

This motion was sustained by the court, upon condition that the said defendant, on or before April 1, 1895, pay all costs which had accrued in said action up to said time. The plaintiff duly excepted, and brings the case to this court for a review of the ruling of said court sustaining said motion to vacate and set aside said judgment.

The defendant in his brief raises a jurisdictional question which we will first consider. It is alleged

that the ruling of the trial court by which it vacated and set aside a judgment alleged to have been rendered before the action regularly stood for trial is not such a ruling as is reviewable by this court, or appealable from the district court while the action is still pending therein.   The jurisdiction of the supreme court is embraced in paragraph 4641 of the General Statutes of 1889.   The jurisdiction of this court is embraced in section 9 of chapter 96 of the Session Laws of 1895. The question of authority to review such rulings as this is very fully discussed in *McCulloch v. Dodge,* 8 Kan. 476, and cases therein cited.   The material difference between that case and the case at bar is that in that case the order set aside a judgment by default, and permitted the defendant to answer, while in the case at bar the order set aside the judgment because it was rendered before the action regularly stood for trial.   The plaintiff in error contends that this order is in effect an order granting a new trial.

We are of the opinion that this contention is correct if there has been an examination of an issue of fact in the action.   "A new trial is a re-examination, in the same court, of an *issue of fact,* after a verdict by a jury, report of a referee, or a decision by the court."   (Gen. Stat. 1889, ¶4401.)   The effect of the order made in this case will be to grant the defendant a new trial, and, if there has been one trial, this will be a re-examination of the issues of fact, therefore, a new trial.   This is a matter within the knowledge of the trial court.   If there has been an examination of the issues of fact in this case, the evidence was not brought to this court, and the certificate of the clerk is that the record is a full and complete transcript of all proceedings in said case.   If the record had affirmatively shown that evidence had been introduced

and that an examination of the issues had been had, yet, we do not think this is such a granting of a new trial as would be reviewable until the final determination of the case in the court below. Paragraph 4401 *id.* sets forth the statutory grounds for a new trial, and paragraphs 4403, 4404 and 4405 *id.* set forth the manner of procedure to obtain it. The power to review an order of the district court that grants or refuses a new trial, as set forth in paragraph 4641 *id.*, refers to new trials granted on such statutory grounds, and not to orders setting aside judgments because they were rendered before the action regularly stood for trial. An order setting aside a judgment because it is alleged to have been rendered before the action regularly stood for trial is not reviewable by this court while the action is pending undetermined upon its merits in the court below.

If this order had been properly reviewable by us, we must nevertheless have dismissed this case for lack of jurisdiction. The record discloses the fact that this is an action to quiet title to real estate, and, although not mentioned in the brief of either party, it nowhere appears what the value of the real estate is, or what the amount in controversy is. True, the answer of the defendant sets up a tax deed under which the plaintiff claims title, but the consideration thereof is only $94.75. The answer also sets up a sheriff's deed under which the defendant claims title, but the consideration thereof is $2,300. Nor does the judge of the district court certify that this is one of the excepted cases, as is required by paragraph 4642 *id.*

This case will be dismissed at the costs of the plaintiff in error.

All the Judges concurring.