W. T. BRANCH, *as Assignee of the Security Investment Company,* v. THE AMERICAN NATIONAL BANK *et al.*
No. 9188.

APPELLATE PROCEDURE—*order setting aside approval and reopening consideration of assignee's report, not reviewable.* A ruling of the District Court setting aside an order approving and allowing an annual report of the assignee of an insolvent estate and reopening the matter for consideration upon the merits, is not reviewable.

*Error from Mitchell District Court.*
*Hon. Cyrus Heren, Judge.*

DISMISSED.                    OPINION FILED JANUARY 8, 1897.

*D. M. Thorp, A. W. Hicks, V. H. Branch* and *J. W. Tucker,* for plaintiff in error.

*Caldwell & Ellis* and *Clark A. Smith,* for defendants in error.

JOHNSTON, J.   W. T. Branch was appointed assignee of the Security Investment Company of Cawker City in February, 1891, and made his first annual statement or report in March, 1892. *Branch v. American Nat. Bank,* ante, p. 27.   In 1893 he made his second annual report; and on April 17, which was the first day of the April, 1893, term of the District Court, he obtained an *ex parte* order approving and allowing the report.   Three days later, during the

same term of court, the creditors appeared and asked that the order be set aside and the approval and allowance of the report be reopened for consideration. The application was granted and the matter was set down for hearing at a fixed time, due notice of which was required to be given. This ruling is assigned for error; but, is it reviewable?

The estate is unsettled, and the question of the approval of the report is before the District Court for determination. The *ex parte* order, which may have been improvidently granted, was promptly set aside, leaving the matter open for consideration upon the merits at an early day, when all interested parties could appear and be heard. The ruling re-opening the matter is not a final order, nor is it one of the reviewable orders mentioned in the Code. §§ 542, 543 Civil Code; *McCulloch v. Dodge*, 8 Kan. 476; *Short v. Nooner*, 16 id. 220; *Kermeyer v. K. P. Rly. Co.*, 18 id. 215; *Flint v. Noyes*, 27 id. 351. See also, *Branch v. American National Bank*, supra. The questions argued by the plaintiff in error are therefore not open to our consideration; but even if the ruling were reviewable, it would hardly avail the plaintiff, as the District Court is invested with a wide and extended discretion in opening up and in revising or setting aside orders during the term at which such orders are made. *The State v. Hughes*, 35 Kan. 626; *The State, ex rel., v. Sowders*, 42 id. 312.

The proceedings in error will be dismissed.

All the Justices concurring.