VIRGINIA M. JOHNSON *et al.* v. E. F. WARE.

No. 13,171.   (73 Pac. 99.)

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed July 10, 1903.   Reversed.

*Garver & Larimer,* for plaintiffs in error.
*Gleed, Ware & Gleed,* for defendant in error.

*Per Curiam:* The plaintiffs in error prosecute this proceeding to reverse an order of the district court refusing to grant them a new trial, upon a judgment rendered against them by default upon a cross-petition foreclosing two mortgage liens upon their property.   The petitioners filed what appears to be a defense to the allegations of the cross-petition.

The defendant in error moves to dismiss this proceeding for the reason that all of the parties defendant in the court below who might be affected by a reversal of the judgment were not served with the case-made or with summons in error.   The defendant in error in his brief says the "defendant Ware appeared and filed his answer. The other defendants made default."   The record shows that to have been the condition.   The case-made was served on Ware, and he was served with summons in error. Under the act of 1901, it is not necessary to serve the case-made upon any party to the action who did not appear at the trial and take part in the proceeding from which the appeal is taken.   The motion to dismiss is, therefore, overruled.

It is very apparent that the omission of the parties to plead to the cross-petition, or to appear and defend, was not an intentional omission or wilful neglect.

Statutes providing for the opening or vacating of judgments by default are remedial and should be liberally construed.   When there is a doubt it is better, as a general rule, to resolve it in favor of the application.

(6 Encyc. Pl. & Pr. 154; *Buell v. Emerich,* 85 Cal. 116, 24 Pac. 644; *Cameron v. Carroll,* 8 Pac. [ Cal. ] 45; *Harbaugh v. Land and Water Co.,* 109 Cal. 70, 41 Pac. 792.)

The court should have sustained the application and granted the petitioners a new trial.

The judgment is reversed, with instructions to sustain the petition and grant the petitioners a new trial

JOHNSTON, C. J., and MASON, J., dissenting: We dissent upon the ground that the question presented to the trial court by the motion to reopen the judgment was one of fact. The various circumstances surrounding the case had a material bearing upon the determination of the ultimate matter to be decided. The trial court was in a better position than a reviewing court to review the evidence and reach a correct conclusion. A motion of this character under the conditions here present is addressed largely to the discretion of the trial court. We do not think it can be said that there was no evidence to sustain the ruling made, or that the trial court abused its discretion.