J. W. VAIL, *Appellant,* v. SCHOOL DISTRICT NO. 1 OF GRANT COUNTY, *Appellee.*

No. 17,193.

SYLLABUS BY THE COURT.

1. JUDGMENT BY DEFAULT. — *Set Aside After Term — Appeal.* A judgment by default in an action to recover on coupons clipped from a bond of a school district can not be set aside at a subsequent term without some statutory reason; and mere misapprehension or misunderstanding on the part of the defendant as to whether the action involved outlawed coupons is not a sufficient reason.

2. ——— *Not Final Order.* But when such judgment is thus set aside and the defendant given time to plead, the order is not final under section 566 of the civil code and an appeal therefrom while the action is still pending will not lie.

Appeal from Grant district court. Opinion filed April 6, 1912. Dismissed.

*T. W. Marshall,* and *Herbert Rhoades,* for the appellant; *Thomas A. Scates,* and *Albert Watkins,* of counsel.

*William Easton Hutchison,* and *C. E. Vance,* for the appellee.

The opinion of the court was delivered by

WEST, J.: Suit was brought against the school district on twenty-five coupons clipped from a bond issued by the district in 1897, and a judgment by default rendered for $651.56. The officers of the school district signed a waiver of service of summons and an entry of appearance for the district. At the next term after the judgment was taken the district filed a motion to modify or vacate the judgment so as to reduce the amount to the sum of $174.15, or to vacate it entirely and permit the district to defend. The motion was on the ground that there were irregularities in obtaining the judgment, and representations made by the successful par-

ties which misled the officers of the district, to the great injury and prejudice of the district and the taxpayers thereof. After taking considerable testimony the court set aside the judgment and granted the defendant twenty days in which to plead. Plaintiff appeals and insists that the court was without authority to vacate the judgment after the term at which it was rendered. The defendant insists that the order vacating the judgment and giving time to plead was not an appealable order.

Briefly the facts are that certain other bonds or coupons had been obtained by residents of the district and sued on in the justice courts, all outlawed coupons being ignored, and the school district officers assumed or understood that no attempt would be made in this case to include any outlawed coupons; and although one of the members was in court sometime on the day of the rendition of the judgment no defense was made, and it was not until some thirty days afterwards that it was discovered that a number of coupons more than five years old had been included. No claim is made that the plaintiff's attorneys intentionally misled the officers in any way, and it appears to be largely a matter of having taken things for granted, or at most a misunderstanding of what coupons were to be included. The statute (Civ. Code, § 596) authorizes the district court to vacate or modify its own judgments or orders at or after the term, for mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order. It is argued that after the term ended the court lost control of the judgment and that no legal reason existed for setting it aside, and various decisions of this court are cited. In *Clevenger v. Hansen,* 44 Kan. 182, 24 Pac. 61, the record showed that the judgment was entered for a larger sum than the plaintiff was entitled to under his petition and it was held proper for the district court to modify it at a subsequent term. In *Tobie v. Comm'rs of Brown Co.,* 20

Kan. 14, the special findings authorized a judgment for $9.33, and the district court erroneously entered judgment for $129.33, and it was held proper to modify it according to the special findings at a subsequent term. In *Small v. Douthitt,* (Dass. ed.) 1 Kan. 317, a judgment was held properly corrected at a subsequent term *nunc pro tunc,* a mistake having been made in the recital of the amount in default of which the sale should be made. In *Johnson v. Ware,* 67 Kan. 840, 73 Pac. 99, it was said:

"Statutes providing for the opening or vacating of judgments by default are remedial and should be liberally construed. When there is a doubt it is better, as a general rule, to resolve it in favor of the application."

The appellee relies largely upon *Cooper v. Rhea,* 82 Kan. 109, 107 Pac. 799. There it was held that the court may set aside at a subsequent term a judgment rendered on pleadings because of a misapprehension as to their allegations. It was shown by the petition of the plaintiff that at the time the judgment was rendered he understood that the parties in the court had agreed that the answer was to be amended so as to set out a tax deed and that such amendment was to be treated as already made. An affidavit of the trial judge stated that he had such understanding and acted thereon. In the opinion it was said:

"It therefore was shown that the judgment was rendered on the pleadings while the court and the losing party were under a mistaken impression as to what issues they presented. . . . A judgment so rendered does not express the real purpose of the court. . . . Assuming that the 'mistake' referred to in the language quoted can only be that of the clerk, the word 'irregularity' must be given a broad enough meaning to cover a case where the court has acted upon an erroneous understanding of the facts." (pp. 110, 111.)

But here there is no claim of mistake, neglect or omission of the clerk, or of any irregularity in obtaining the judgment. The mistake was that of the district

in not looking after its lawsuit. There is no showing that the court was in any way misled, and the petition, counting on a large number of coupons all of which were or had been valid obligations of the district, stated a good cause of action on each unless the district saw fit to plead the statute of limitations to those which were barred. (*Croan v. Baden,* 73 Kan. 364, 85 Pac. 532.) No decision of this court has ever gone to the extent of holding that under such circumstances a judgment may be set aside at a subsequent term upon the request of the defaulting defendant, and to hold that the trial court rightfully vacated the judgment would add to the statutory grounds that of mere discretion, which we have no power to do.

"A party may have a good defense to an action, but if he fail to make such defense when the case is called for trial, he will not be permitted to come in weeks afterward and say that the judgment was wrong and ought to be set aside, simply because he had a good defense." (*Iliff v. Arnott,* 31 Kan. 672, 674, 3 Pac. 525.)

Section 566 of the code provides that a final order which may be reversed by this court is "an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment." This language was construed in *McCulloch v. Dodge,* 8 Kan. 476. The only clause which could by any construction avail the appellant is "an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment." (Civ. Code, § 566.) There it was said that such an order "undoubtedly has some connection with the enforcement of the judgment and not with vacating it or setting it aside. An order made upon a summary application after judgment is not an order that attacks the judgment, as an order granting a new trial after judgment, or an order setting aside or

vacating a judgment for some irregularity; . . . it is simply an order made after judgment concerning some proceeding connected with the judgment, and for its enforcement, while the judgment is still valid and subsisting, and without questioning the validity or regularity of the judgment." (p. 478.)

This was followed in *Kermeyer v. K. P. Rly. Co.*, 18 Kan. 215, in which case the judgment was set aside at a subsequent term. A similar ruling was made in *List v. Jockheck*, 45 Kan. 349, 27 Pac. 184, a rehearing being denied in the same case (45 Kan. 748, 27 Pac. 184.) It was also referred to in *Flint v. Noyes*, 27 Kan. 351, 354, and was reiterated in *Branch v. National Bank*, 57 Kan. 608, 47 Pac. 516.

It must therefore be regarded as settled law in this state that an order setting aside a default judgment and permitting the defendant to answer is not such a final order as can be appealed from while the action is still pending. After final judgment an appeal may bring up such order for review, but under present conditions the appeal must be dismissed.