Weigand v. Wilson.

---

No. 22,485.

JOHN C. WEIGAND, *Appellee*, v. CLEMENT L. WILSON, *Appellant*.

SYLLABUS BY THE COURT.

1. APPEAL—*Issue Raised Not Embraced in Notice of Appeal—Not Reviewable.* The notice of appeal did not cover the order overruling the defendant's demurrer to the plaintiff's petition to vacate the appeal from the probate court, and hence such ruling is not before us for consideration.

2. SAME—*Issue Raised Not Appealable.* An order denying a motion to dismiss an appeal from probate court is not appealable.

Appeal from Greeley district court; ALBERT S. FOULKS, judge. Opinion filed July 10, 1920. Dismissed.

*W. C. Dickey,* of Leoti, *E. D. McKeever,* of Topeka, and *Carr W. Taylor,* of Hutchinson, for the appellant.

*Samuel Jones, Ben S. Jones,* both of Lyons, and *W. M. Glenn,* of Tribune, for the appellee.

The opinion of the court was delivered by

WEST, J.: This action is one of the outcroppings of the remarkable series of transactions recited in *Weigand v. Shepard,* 105 Kan. 405, 184 Pac. 722.

The probate court of Greeley county allowed the claim of Clement L. Wilson against the estate of Charles Weigand for $1,000 on July 23, 1915, the same day the administrator was appointed. On September 17, 1917, the administrator made his final settlement which showed that there was left out of the entire estate only $298.39. On July 17, 1917, the plaintiff filed his petition in the probate court to vacate the allowance of claims of Clement L. Wilson against the estate. To this petition Wilson demurred, and on August 18, 1917, the probate court sustained the demurrer. On September 8, 1917, the plaintiff served notice of appeal from that ruling, his appeal bond being filed and approved September 10, 1917. Afterwards the plaintiff, through his attorney, received and receipted for the amount found due by the probate court. January 15, 1918, Wilson, in the district court, moved to dismiss the appeal, and on January 21, 1919, this motion was overruled, and at the same time a demurrer to the petition to vacate the judgment of allowance was overruled. The notice of appeal recites only the judgment rendered on January 21, 1919, "overruling the motion of said defendant or appellant to dismiss the appeal from the probate court, filed by you in the said action." Hence, the ruling on the demurrer is not before us for consideration.

Counsel for the plaintiff contend that the order overruling the motion to dismiss the appeal is not appealable. The statute provides for an appeal from a final order. (Civ. Code, § 565, Gen. Stat. 1915, § 7469.) A final order is one affecting a substantial right in an action, when it in effect determines the action and prevents a judgment. (Civ. Code, § 566, Gen. Stat. 1915, § 7470.) Of course, the mere refusal to dismiss an appeal does not have either of these effects. *(Edenfield v. Barnhart,* 5 Kan. 225; *Dolbee v. Hoover,* 8 Kan. 124; *Anderson v. Higgins,* 35 Kan. 201, 10 Pac. 570; *Vail v. School Dis-*

The State, *ex rel.*, v. Pettijohn.

*trict*, 86 Kan. 808, 122 Pac. 885; *Ousley v. Osage City*, 95 Kan. 254, 258, 147 Pac. 1110.)

Therefore, this court having no jurisdiction in the matter presented, the attempted appeal is dismissed.