## McINERNEY & CONWAY FINANCE CORPORATION v. SMITH

(No. 1532; Oct. 9, 1928; 270 Pac. 664)

*Kinkead* and *Pearson,* for the motion.

*John F. Delaney, contra.*

KIMBALL, Justice.

This case originated in the court of a justice of the peace, where the plaintiff obtained a judgment from which the defendant appealed to the District Court. The plaintiff filed in the District Court a motion to dismiss the appeal. The motion was denied, and the case is now in this court on plaintiff's appeal from the order of the District Court denying the motion to dismiss the appeal from the Justice Court. The defendant moves to dismiss the appeal from the District Court to this court on the ground that the order appealed from is not a final order from which an appeal can be taken. That motion must be sustained.

Section 6401, Wyo. C. S. 1920, enacted in 1917, provides for appeals from judgments or orders theretofore removable to this court by proceeding in error. The orders which theretofore were reviewable in this court by proceeding in error, and which now may be reviewed either on proceeding in error or on appeal, are final orders as defined by Section 6369. Bock v. Nefsy, 29 Wyo. 33, 207 Pac. 1008; Hahn v. Citizens State Bank, 25 Wyo. 467, 481, 171 Pac. 889. Section 6369 provides:

"An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding, or upon a summary application in an action, after judgment, is a final order which may be vacated, modified or reversed, as provided in this chapter."

An order of the District Court refusing to dismiss an appeal from the Justice Court does not come within this definition, and, therefore, is not a final or appealable order. This view finds support in the decisions of those states whose statutes contain a similar definition of a final order from which an appeal may be taken. Thatcher v. Watson, 51 Oh. St. 561; Mining Co. v. Zappio, 80 Oh. St.

458, 468, 89 N. E. 97; Edgar v. Keller, 43 Neb. 263, 61 N. W. 587; Edenfield vs. Barnhart, 5 Kan. 225; Dolbee v. Hoover, 8 Kan. 124; Weigand v. Wilson, 107 Kan. 445, 193 Pac. 1065; In re Cochran's Estate, 48 Okla. 672, 149 Pac. 1089. See discussion in Whitney v. Ritz, 24 N. D. 576, 140 N. W. 676, under a somewhat different statute.

The fact that the motion to dismiss in the District Court raised a question of that court's jurisdiction of the appeal, would not alter the situation. It will be noticed from the report of the case of Edenfield v. Barnhart, supra, that counsel for plaintiff in error made the point that "the jurisdiction of the court may be questioned at any time;" and in Dolbee v. Hoover, supra, it was contended that the justice of the peace had no jurisdiction of the action. The order appealed from did not become a final order merely because it decided a question of jurisdiction of the District Court.

Whether the plaintiff, by participating in a trial of the case in the District Court, will waive its right after a final judgment to rely upon the alleged error in denying its motion to dismiss is a question not now before us.

Our attention is called to Section 6413, which provides:

"No appeal taken from any order made before judgment shall stay further proceedings in the action in the trial court, unless by order of the judge thereof."

We do not deem it necessary to discuss the effect of that statute, except to say that it does not give a right to appeal from an order that is not final under the statutory definition quoted above.

Appeal dismissed.

BLUME, Ch. J., and RINER, J., concur.