IN RE GREYBULL VALLEY IRR. DIST.
DONOVAN, ET AL. v. OWEN, ET AL.

(No. 2052; September 27, 1937; 71 Pac. (2d) 801)

In support of the motion there was a brief and an oral argument by *Ernest J. Goppert* of Cody, Wyoming.

BLUME, Chief Justice.

This case has been heard upon a motion to dismiss, filed on behalf of the Greybull Valley Irrigation District, respondent in this action. Several grounds have been assigned as reasons for dismissal. It is sufficient to discuss one of these grounds, namely, whether or not the order overruling objections by certain objectors and appellants herein to the jurisdiction of the court is an appealable order. The facts, in brief, are these: A report was filed in the district court by the Commissioners of the Irrigation District. Thereafter, and on April 2, 1936, a motion and affidavit was filed, seeking to disqualify the Hon. P. W. Metz, Judge of the 5th Judicial District, from sitting in the case, on account of bias and prejudice. On April 8, 1936, a general order was entered by Judge Metz, assigning all cases pending in his court to Hon. H. P. Ilsley, Judge of the 7th Judicial District. Judge Ilsley heard the petition and the report of the Commissioners of the Irrigation District and made an order adjudicating the matter on May 20, 1936, the order being recorded on June 2, 1936. No appeal was taken from this order. Thereafter, and on August 19, 1936, the Commissioners of the Irrigation District filed an amended report and petition seeking to modify the order which had been made by Judge Ilsley. On August 19, 1936, Judge Metz fixed September 11, 1936, as the time for hearing the report. On September 3, 1936, the objectors again filed a motion for change of judge, and on September 22, 1936, Judge Metz made a general order assigning all cases in his court to Judge Tidball, who heard all matters involved in the amended report and petition and entered an order on October 30, 1936, confirming

the report. On April 19, 1937, the Commissioners of the Irrigation District again filed a petition for a revision of the previous orders entered in the matter. On April 21, 1937, Judge Metz set the hearing on this petition for May 5, 1937. On April 27, 1937, another motion for change of judge was filed by the objectors. On May 10, 1937, Judge Metz entered a general order assigning all cases in his court to Judge Ilsley. On May 4, 1937, the objectors filed an objection to the jurisdiction of the court and an amended objection to such jurisdiction was filed on May 19, 1937. This objection to the jurisdiction was heard by Judge Ilsley on May 19, 1937, and was overruled. The reasons assigned for want of jurisdiction are that the order and judgment of Judge Ilsley of May 20, 1936, was a final order and was res judicata in the matter, and could not be modified by the judgment entered by Judge Tidball; further, that Judge Ilsley was the only judge who had jurisdiction in the matter after he had been called into the case in May, 1936, and that Judge Metz had no jurisdiction to act in the matter thereafter, either by setting the subsequent matters for hearing, assigning the amended report and petition to Judge Tidball, or assigning the petition for revision of previous orders to Judge Ilsley, as he did on May 18, 1937.

It appears to be the general rule that unless there is a special statutory provision, which does not exist in this state, an objection to the jurisdiction of the court is not an appealable order. 3 C. J. 492, 494; 4 C. J. Sec., p. 233, where it is said that:

"Nor as a rule will an appeal or writ of error lie from interlocutory orders in relation to a plea or other objection to the jurisdiction of the court."

Many authorities are cited. In the case of McInerney & Conway Finance Corp. v. Smith, 39 Wyo. 191, 270 Pac. 664, it appears that the case originated in the court of a justice of the peace. It was thereupon ap-

pealed to the district court. The plaintiff filed in the district court a motion to dismiss the appeal; the motion was denied, and thereupon an appeal was taken to this court, and we held that the denial of the motion to dismiss was not appealable, and we said that:

"The order appealed from did not become a final order merely because it decided the question of jurisdiction of the district court."

In the case of Application of Goodrich, decided in this court on May 18, 1937, 68 P. (2d) 597, we stated:

"Finally, it is to be noted that the appeal in this matter is from an order of the District Court of Laramie County overruling the so-called plea to the jurisdiction filed by appellants. In 4 C. J., Appeal & Error, Sec. 116, p. 216, the text, citing an elaborate list of cases, says 'Unless the case is covered by some special statutory provision changing the general rule an appeal will lie from interlocutory or discretionary order or decree overruling a motion to quash or set aside the writ of summons in an action or the service thereof.' "

It is apparent that if Judge Ilsley had refused to modify the previous orders of the court made in this matter, the objectors would not in any way have been prejudiced. For aught shown by the record, this may have been the action finally taken by Judge Ilsley. It is clear, accordingly, that such objection to the jurisdiction, when overruled, should not, in accordance with the general rule, be permitted, and it should not be considered a final order from which an appeal may be taken to this court. The motion to dismiss must accordingly be granted.

The record on appeal in this case was filed on behalf of the Greybull Valley Irrigation District, and the docket fee in this case was paid by it. This was long prior to the expiration of the sixty days in which an appellant may file the record on appeal in this court.

It is apparent, accordingly, that the objectors herein should not be taxed with any costs, but that the costs herein should be paid by the irrigation district. It is so ordered.

*Dismissed.*

RINER and KIMBALL, JJ., concur.