No. 43,529

JOHN C. WHITAKER, *Appellant*, v. CONTINENTAL CASUALTY COMPANY, *Appellee*.

(391 P. 2d 809)

Opinion filed April 11, 1964.

*Joseph H. French,* of Topeka, argued the cause and was on the briefs for the appellant.

*Ernest J. Rice,* of Topeka, argued the cause, and *Harold E. Doherty* and *James E. Benfer,* both of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal by plaintiff below from the trial court's orders vacating a default judgment, and setting aside a money

judgment and allowance of attorney fees, pursuant to G. S. 1949, 60-3007, after the trial court found defendant's attorney had been attorney of record on August 31, 1962, the date such default judgment was entered.

Following demand therefor, plaintiff commenced this action by reason of defendant's refusal to pay benefits alleged to be due him under the terms of his policy with the defendant insurance company.

The record discloses that shortly after noon on August 31, 1962, plaintiff and his attorney appeared before the trial court seeking a default judgment. At that time the trial court stated the file showed no answer, no pleadings, no response of any kind from defendant; that it appeared plaintiff's pleadings were in order but defendant was completely in default of any pleadings whatever, and if there was any error, defendant could come in with a motion to set the judgment aside under the statute. Judgment was entered for plaintiff in the sum of $4,188.59 together with allowance of attorney fees in the amount of $800.00.

Defendant's attorney filed a motion to set aside the above default judgment on September 7, 1962, and on November 15, 1962, he moved to vacate such judgment, and also filed a petition seeking the same relief. The petition, which set the hearing date as November 23, 1962, was served on plaintiff on November 19, 1962. However, on November 26, 1962, defendant filed an amended petition to vacate the judgment on the same grounds including that defendant's present attorney was attorney of record on August 31, 1962, that such judgment should be set aside for the mistake, neglect, or omission of the clerk of the district court, that plaintiff had practiced a fraud in obtaining the default judgment because he had had negotiations with defendant's attorney, and that unavoidable casualty or misfortune had occurred which prevented defendant from defending the lawsuit, and that the default judgment should be vacated.

On December 5, 1962, plaintiff filed a general denial to defendant's amended petition to vacate judgment. On December 28, 1962, the trial court ordered that defendant's motions to set aside the default judgment and to vacate judgment should be sustained, and further, that defendant's amended petition to vacate judgment should be granted.

Here we must pause and consider a jurisdictional matter raised by

defendant in this appeal as to whether an appeal lies from an order setting aside a default judgment. Since the early case of *Vail v. School District*, 86 Kan. 808, 122 Pac. 885, this court has steadfastly adhered to the cardinal rule there stated:

"It must therefore be regarded as settled law in this state that an order setting aside a default judgment and permitting the defendant to answer is not such a final order as can be appealed from while the action is still pending. After final judgment an appeal may bring up such order for review. . . ." (p. 812.)

See, also, G. S. 1949, 60-3302, *First;* 60-3303; 1 Hatcher's Kansas Digest, rev. ed., Appeal and Error, §§ 23, 24, p. 96; 2 West's Kansas Digest, Appeal and Error, § 82 (3), p. 284.

In view of the foregoing authority we conclude the judgments and orders of the trial court herein entered were not final orders, that an action is still pending in the trial court, and the appeal must be dismissed. It is so ordered.

FONTRON, J., not participating.