No. 47,557

Travis Bates, d/b/a Bates & Son Construction Co., Inc., *Appellant*, v. James Berry, d/b/a St. Joe House Movers and d/b/a Bonanza House Movers, *Appellee*.

(537 P. 2d 189)

Opinion filed June 14, 1975.

*J. R. Russell,* of Kansas City, argued the cause and was on the brief for the appellant.

*Charles P. Fleming, Jr.,* of Shawnee Mission, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Fontron, J.: This is an appeal from an order setting aside a default judgment. The facts are not seriously in dispute.

So far as we can tell from a confusing and inadequate record the plaintiff, to whom we shall sometimes refer as Bates, is in the construction business. Sometime during the year 1973 he purchased from the Missouri Highway Commission a number of houses which had been acquired in condemnation proceedings. Bates thereafter negotiated the sale of several of the houses to the defendant Berry, who is a house mover, at prices which were left undetermined at the time. On or about July 1, 1973, Berry moved one of the structures from the area of Kansas City, Missouri, to Bonner Springs, Kansas, without the formality of paying therefor and without the consent of or notification to Mr. Bates.

Mr. Bates thereupon filed this action to recover not only the value of the house, which he alleged to be $7500, but also $10,000 in punitive damages. Service of summons was had on the defendant's daughter at a location which the defendant now says

was not his residence. However, no point is made in this action that the service was insufficient.

The summons appears to have made its way into Berry's hands, nonetheless, and he proceeded to place it with his attorney, for attention. Somehow the answer day came, and the answer day passed, without any pleading or answer being filed by or on behalf of Mr. Berry. This being the case, Mr. Bates proceeded to take default judgment before the Honorable Cordell D. Meeks, Judge of Division No. 6 of the 29th Judicial District. The judgment was in the amount of $7500 actual damages and $10,000 punitive damages. No testimony was introduced at the time judgment was taken, although it appears that counsel for plaintiff advised the trial court that defendant had stolen the house.

Nothing was paid on the judgment, and some two and a half months later plaintiff filed a motion to attach the house which, in the meantime, had been located in Bonner Springs. Notice of the motion was given to the persons listed as owners of record of the property. This brought a response from Berry who proceeded to file a motion to set the default judgment aside, pursuant to K. S. A. 60-260 (b). Attached to the motion was a proposed answer and a cross petition against Bates for $20,300.

Mr. Berry's motion to set the judgment aside was heard by the Honorable O. Q. Claflin, III, Judge of Division No. 1, of the Wyandotte District Court inasmuch as Judge Meeks was unavailable at the time to hear it. Judge Claflin sustained Berry's motion, commenting at the time that the judgment was improperly granted since no evidence was introduced in support thereof and that the same was voidable.

Mr. Bates thereupon filed this appeal. The following points are raised: The trial court erred (1) in ruling the default judgment was improper and voidable because testimony was not offered in support of judgment, (2) in sustaining the motion to set the judgment aside because the motion was not filed within a reasonable time, and (3) in permitting defendant to file an answer and counterclaim 139 days after suit was filed and 97 days after judgment was taken. We do not reach any of these points, however, for the appeal must be dismissed because it is not taken from a final, appealable order.

Our rule is well settled that an order vacating a judgment is not a final order from which an appeal may be taken. In *Whitaker v.*

*Continental Casualty Co.,* 192 Kan. 705, 391 P. 2d 309, this court held:

"In an appeal in an action where a default judgment was vacated and set aside by the trial court, leaving an action pending in the lower court, as more fully narrated in the opinion, it is *held,* the trial court's orders setting aside and vacating the judgment are not final orders and the appeal therefrom must be dismissed." (Syl.)

In *Whitaker* we cited the earlier case of *Vail v. School District,* 86 Kan. 808, 122 Pac. 885, in which the following language appears:

" 'It must therefore be regarded as settled law in this state that an order setting aside a default judgment and permitting the defendant to answer is not such a final order as can be appealed from while the action is still pending. After final judgment an appeal may bring up such order for review. . . .' (p. 812.)" (p. 707.)

See, also, *McCulloch v. Dodge,* 8 Kan. 476 and *Kermeyer v. K. P. Rly. Co.,* 18 Kan. 215.

We believe the adoption of the present Code of Civil Procedure effected no change in the rule postulated in the foregoing cases. K. S. A. 60-2102 provides in substance that the appellate jurisdiction of the supreme court may be invoked by appeal as a matter of right from a *final decision* in any action except where recovery of money is sought in an amount of $500 or less. In explaining this provision of the Code, Judge Gard, in his work, Kansas Code of Civil Procedure, Annotated, has this to say:

"While a 'final decision' is not defined the term is really self defining. Obviously it is an order which definitely determines a right or liability involved in the action, or which grants or refuses a remedy, as a terminal act in the case." (p. 766.)

In an article by Professor Earl B. Shurtz, titled Civil Practice, 14 Kansas Law Review 171, 187 (1965), the following discussion is found:

"Under Kansas practice, an appeal from a district court to the supreme court will lie as of right from a final order, *i. e.,* 'one which finally decides and disposes of the entire merits of the controversy, and reserves no further questions or directions for the future or further action of the court.' In practice this means that because they are not final orders, no appeal will lie from an order overruling a motion to dismiss an action, an order setting aside a default judgment and permitting the defendant to answer. . . ."

Judge Claflin's order vacating the default judgment against Berry and permitting Berry to file an answer and cross petition leaves this cause still pending before the trial court. The court's ruling did not constitute a final determination of the matters in litigation; it did

not constitute a final judgment from which an appeal could be taken. Accordingly, the appeal is dismissed and this cause is remanded to the trial court for its further action.

It is so ordered.

FROMME, J., not participating.