(711 P.2d 774)

No. 58,235

Gary L. McArthur, *Claimant-Appellee*, v. Glass King Manufacturing, Inc., *Respondent-Appellee*, Aetna Life & Casualty, *Insurance Carrier-Appellee*, and Kansas Workers' Compensation Fund, *Appellant*.

Opinion filed January 9, 1986.

*Charles R. Pike* and *Brock R. McPherson*, of McPherson, Bauer, Pike & Pike, Chtd., of Great Bend, for appellant.

*Allen G. Glendenning* and *Casey R. Law*, of Turner and Boisseau, Chartered, of Great Bend, for appellee Glass King Manufacturing, Inc.

Before Meyer, P.J., Rees, J., and Fred S. Jackson, District Judge, assigned.

Rees, J.: Appellant Workers' Compensation Fund appeals from an order of the district court overruling the Fund's motion to dismiss on the ground respondent Glass King Manufacturing, Inc., failed to preserve the issue of Fund liability in respondent's settlement with claimant Gary L. McArthur. We dismiss.

McArthur was injured on September 18, 1981, while in the employ of Glass King. McArthur filed a claim for compensation, and Glass King and its insurance carrier, Aetna Life & Casualty, properly impleaded the Workers' Compensation Fund. McArthur and Glass King then settled the claim at a friendly settlement hearing held before the Administrative Law Judge on December 23, 1983. The Fund appeared at that hearing.

On April 3, 1984, a hearing was held before the ALJ to determine the issue of Fund liability to Glass King and Aetna. At that hearing, the Fund made an oral motion to dismiss the case on the ground Glass King had not reserved the Fund liability issue in its settlement with McArthur. Specifically, the Fund

contended the parties at settlement had stipulated that the only undecided issues were the nature and extent of disability and amount of compensation, and that the settlement sheet prepared thereafter did not contain a reservation of the Fund liability issue. The ALJ denied the Fund's motion, finding in part, "it appears that all parties were aware [that issues were being reserved against the Fund] but did not say it."

The Fund appealed the ALJ's denial of its motion to the director, who agreed with the ALJ. On appeal from that decision, the district court found "the Director's Order . . . affirming the Administrative Law Judge in all respects should be affirmed." The district court made no other findings. The Fund then filed a timely notice of appeal.

At the threshold, the record reveals the posture of this case to be the Fund has appealed a district court order overruling its motion to dismiss. Since in a non-workers' compensation case an order overruling a motion to dismiss is not a final and appealable order (*Oertel v. Phillips*, 197 Kan. 113, 115, 415 P.2d 223 [1966]), it behooves us to consider whether the same rule obtains in workers' compensation cases. Neither party has raised the issue on appeal, but it is our duty to raise the question of jurisdiction on our own motion. *In re K-Mart Corp.*, 232 Kan. 387, 389, 654 P.2d 470 (1982).

K.S.A. 1984 Supp. 44-556 sets forth the procedure for appeals in workers' compensation cases. Subsection (a) provides that any party may appeal from any and all decisions, findings, awards or rulings of the director to the district court. Subsection (b) provides that on any such appeal the district court shall have jurisdiction to grant or refuse compensation, or to increase or diminish any award of the director as justice may require. Subsection (c) in turn provides that any party to the proceedings may appeal from any findings or order of the district court to the appellate courts on questions of law. Subsection (c) further provides that "[s]uch appeal shall be taken and perfected by the filing of a written notice of appeal . . . within 30 days after the filing of the *entry of judgment* as provided in K.S.A. 60-258 . . . ." (Emphasis added.)

K.S.A. 60-258, to which K.S.A. 44-556(c) refers, establishes when a judgment becomes effective and the form necessary for the judgment to become effective. It further adds that "[e]ntry of

judgments shall be subject to the provisions of section 60-254(b)." K.S.A. 60-254(b) establishes the procedure for judgment upon multiple claims, and K.S.A. 60-254(a) defines judgments as "the final determination of the rights of the parties in an action."

We find no workers' compensation cases on point. It strikes us, however, that this case is analogous to an attempt to appeal from the denial of a summary judgment motion. It is unquestioned that not one of the forums below has rendered an adjudication on the question of the Fund's liability; therefore, there exists no "entry of judgment" or "final order" upon which to base the Fund's appeal to this court. In addition, we observe that K.S.A. 1984 Supp. 44-556(b) purports to accord the district court jurisdiction only to grant or refuse compensation, or to increase or diminish the award. That language suggests that the statutory scheme does not contemplate an appeal to this court from a non-award ruling such as involved in the instant case. See *Scammahorn v. Gibraltar Savings & Loan Assn.*, 197 Kan. 410, 414, 416 P.2d 771 (1966).

We accordingly hold this court lacks jurisdiction to consider the issue of the denial of the Fund's motion to dismiss because the district court order appealed from is not a final order. To hold otherwise would be to sanction piecemeal appeals in derogation of the statutory scheme conferring appellate power upon this court. See, *e.g., Smith v. Morris*, 2 Kan. App. 2d 59, 574 P.2d 568 (1978); *Childress v. Childress Painting Co.*, 3 Kan. App. 2d 135, 140-42, 590 P.2d 1093 (Rees, J., dissenting), *rev'd on other grounds* 226 Kan. 251 (1979).

Dismissed.