No. 62,344

BILLY K. SNODGRASS and AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, *Appellees,* v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Appellant.*

(789 P.2d 211)

Opinion filed March 23, 1990.

*Robert L. Howard,* of Foulston & Siefkin, of Wichita, argued the cause, and *Stephen M. Kerwick,* of the same firm, was with him on the briefs for appellant.

*Jacob S. Graybill,* of Moore, Graybill & Craig, of Wichita, argued the cause, and *J.B. Craig,* of the same firm, was with him on the briefs for appellee.

The opinion of the court was delivered by

SIX, J.: This case concerns "jurisdiction." We address the issue by inquiring: Does a K.S.A. 1989 Supp. 60-2102(a)(4) "final decision" on the merits require resolution of a request or motion for attorney fees before filing a timely notice of appeal pursuant to K.S.A. 1989 Supp. 60-2102 and K.S.A. 1989 Supp. 60-2103?

We conclude that, by answering "no" to this question, the appellate courts have jurisdiction to hear this appeal. Therefore, we reverse the decision of the Court of Appeals.

Facts

State Farm Mutual Automobile Insurance Company (State Farm) appealed from a jury verdict finding that it had wrongfully denied insurance coverage to Brian Owen, who had been involved in an automobile accident with Billy Snodgrass. Snodgrass and his insurer, Automobile Insurance Company of Hartford, Connecticut, (Hartford) brought this action as assignees and garnishers of Owen. The trial court entered judgment in favor of Snodgrass and Hartford and against State Farm in the amount of the $300,000 (the judgment originally obtained by Snodgrass against Owen). Interest was added resulting in a total judgment of $574,762.30 plus costs. A journal entry of judgment was filed on April 18, 1988.

State Farm filed a notice of appeal on April 28, 1988, stating that it appealed "from the journal entry and order of the court entered April 18, 1988, to the Court of Appeals of the State of Kansas." Snodgrass and Hartford filed a notice of cross-appeal on May 17, 1988, regarding "the trial court's final judgment entered on the jury's verdict to the extent the trial court refused to give plaintiffs' requested jury instructions." Snodgrass and Hartford alleged in their petition that they were entitled to recover reasonable attorney fees "to be taxed as costs pursuant to K.S.A. 40-256." They moved the trial court "to tax attorney fees pursuant to K.S.A. 40-256." The trial court, on May 2, 1988, awarded attorney fees pursuant to K.S.A. 40-256 in the amount of $144,000. There was no appeal from the order of attorney fees.

The Court of Appeals issued an order to show cause why this appeal should not be dismissed for lack of jurisdiction because the notice of appeal was filed prior to the decision and entry of judgment on attorney fees. The parties responded with briefs and argument. In an unpublished opinion filed June 2, 1989, the Court of Appeals found it had no jurisdiction and dismissed the appeal without reaching the merits of the numerous issues raised by the appeal and cross-appeal. The Court of Appeals reasoned that, because the amount of attorney fees to be awarded had not yet been determined when the notice of appeal was filed, there

was no final appealable judgment and, consequently, no jurisdiction. We granted State Farm's petition for review. The judgment of the Court of Appeals is reversed. We remand to the Court of Appeals with directions to reinstate both the appeal and cross-appeal.

## Jurisdiction

The Court of Appeals concluded that State Farm did not file a timely notice of appeal because none was filed after the ruling on the motion for attorney fees. Although neither party raised the issue, the Court of Appeals had a duty to consider jurisdiction on its own motion and, if the record disclosed a lack of jurisdiction, to dismiss the appeal. *McArthur v. Glass King Mfg., Inc.*, 11 Kan. App. 2d 35, 36, 711 P.2d 774 (1986).

The manner in which the jurisdiction of the Court of Appeals is invoked is set out at K.S.A. 1989 Supp. 60-2102, which provides in part:

"**Invoking jurisdiction of court of appeals.** (a) *As of right.* Except for any order or final decision of a district magistrate judge, the appellate jurisdiction of the court of appeals may be invoked by appeal as a matter of right from:

. . . .

"(4) A *final decision* in any action, except in an action where a direct appeal to the supreme court is required by law. In any appeal or cross appeal from a final decision, any act or ruling from the beginning of the proceedings shall be reviewable.

"(b) *Other appeals.* When a district judge, in making in a civil action an order not otherwise appealable under this section, is of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the judge shall so state in writing in such order." (Emphasis added.)

In discussing K.S.A. 1989 Supp. 60-2102(a)(4), Judge Spencer A. Gard in his text on civil procedure noted that the term "final decision" is not defined but "is really self-defining. Obviously it is an order which definitely terminates a right or liability involved in the action, or which grants or refuses a remedy as a terminal act in the case." Comments, 2 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-2102 (1979).

In resolving the issue of jurisdiction, we are called upon to determine whether a K.S.A. 40-256 motion or request for attorney fees alleged in the petition is a part of the merits of the underlying

action. In our view such a motion or request is not. Attorney fees are not part of the compensation for a plaintiff's injury. Attorney fees traditionally have been regarded by the legislature as costs awarded to the prevailing party.

The appeal filed by State Farm in this action was not a premature notice of appeal contemplated by Rule 2.03 (1989 Kan. Ct. R. Annot. 6). The notice was not filed between announcement of the judgment to be entered by the court and the actual entry of judgment, but was filed after the entry of judgment documenting the jury verdict. The only issue that remained to be decided, and which the Court of Appeals concluded made the appeal interlocutory, was the issue of attorney fees.

In *Cornett v. Roth*, 233 Kan. 936, 666 P.2d 1182 (1983), this court concluded that it had jurisdiction to consider an appeal even though the notice of appeal was filed before the trial court decided a motion for reconsideration. The journal entry of final judgment in *Roth* was filed October 5, 1982. Plaintiffs filed a notice of appeal November 2, 1982. Previously, on October 15, 1982, plaintiffs had filed a motion for reconsideration of the October 5 order, which was denied on November 10, 1982. No additional notice of appeal was filed. We held that defendants showed no prejudice from the allegedly premature filing of the notice of appeal. A unanimous court, speaking through Justice Holmes, stated:

"Considering the liberal construction to be given our procedural statutes and rules and the intent of our code of civil procedure and our appellate rules, we find no fatal jurisdictional defects and will proceed to determine the appeal on the merits. See K.S.A. 60-102; Supreme Court Rule 2.03 (230 Kan. xlv)." 233 Kan. at 939-40.

We adopt the rationale of *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 100 L. Ed. 2d 178, 108 S. Ct. 1717 (1988). A decision on the merits is final for purposes of appeal even if a request or motion for attorney fees attributable to the case has not yet been determined.

The petitioner in *Budinich* initially filed an action in Colorado state court to recover employment compensation. Respondent removed the case to the United States District Court for the District of Colorado on the basis of diversity of citizenship. A jury awarded petitioner $5,000 in damages, much less than what

had been sought. The judgment of the jury award was entered on March 26, 1984. Petitioner filed new trial motions, challenging numerous rulings by the District Court, and a motion for attorney fees. Pursuant to Colorado law, petitioner was entitled to receive "a reasonable attorney fee" as part of the costs of the action. On May 14, 1984, the District Court denied the new trial motions and found that petitioner was entitled to attorney fees but requested briefing and documentation before awarding a specific amount. The District Court issued its final order concerning attorney fees on August 1, 1984. Petitioner filed a notice of appeal on August 29, 1984.

Pursuant to 28 U.S.C. § 1291 (1982), all *"final decisions of the district courts"* are appealable to the courts of appeals. (Emphasis added.) In *Budinich*, the Court concluded that the meaning of the phrase "final decisions" was an issue of federal law and not intended by Congress to rest upon state law concepts. Thus, the question was whether a decision on the merits is a "final decision" as a matter of federal law under § 1291 when the recoverability or amount of attorney fees for the litigation remains to be determined. 486 U.S. at 199. In answering this question, a unanimous Court stated:

"[W]e think it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain. Such an award does not remedy the injury giving rise to the action, and indeed is often available to the party defending against the action. At common law, attorney's fees were regarded as an element of 'costs' awarded to the prevailing party, see 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil § 2665 (1983), which are not generally treated as part of the merits judgment, cf. Fed. Rule Civ. Proc. 58 ('Entry of the judgment shall not be delayed for the taxing of costs')." 486 U.S. at 200-01.

The United States Supreme Court recognized that attorney fees could be distinguished between those requested pursuant to statutes, which may cause them to be part of the merits relief, and those specifying that they are to be taxed and collected as costs. 486 U.S. at 201. But the Court, emphasizing the need for reserving operational consistency and predictability in the overall application of § 1291, concluded:

"The time of appealability, having jurisdictional consequences, should above all be clear. We are not inclined to adopt a disposition that requires the merits or nonmerits status of each attorney's fee provision to be clearly

established before the time to appeal can be clearly known. Courts and litigants are best served by the bright-line rule, which accords with traditional understanding, that a decision on the merits is a 'final decision' for the purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case." 486 U.S. at 202-03.

No jurisdiction existed for the appeal in *Budinich* because petitioner's judgment on the merits was final and appealable when it was entered. The notice of appeal filed after a decision awarding attorney fees was untimely.

Both the Kansas statute and its federal counterpart, 28 U.S.C. § 1291, employ the same critical term "final decision" as the basis for appellate jurisdiction. K.S.A. 1989 Supp. 60-2102 provides:

"**Invoking Jurisdiction of Court of Appeals.** *(a) As of right.* . . . the appellate jurisdiction of the court of appeals may be invoked by appeal as a matter of right from:

. . . .

"(4) A *final decision* in any action . . . ." (Emphasis added.)

The federal statute provides:

"**Final decisions of district courts.** "The courts of appeals . . . shall have jurisdiction of appeals from all *final decisions* of the district courts . . . ." (Emphasis added.) 28 U.S.C. § 1291.

Although we are not bound by the *Budinich* interpretation of the federal statute governing appeals, we recognized in *Landscape Development Co. v. Kansas City P. & L. Co.*, 197 Kan. 126, 128, 415 P.2d 398 (1966), that the federal statute was similar to ours by providing for appeals from *final decisions*. We noted that federal decisions construing § 1291 are entitled to *persuasive weight* in interpreting our state statute.

In *Budinich*, the Court reasoned that, at common law, attorney fees were regarded as an element of costs, which are not treated as part of the merits judgment. 486 U.S. at 200.

Fed. R. Civ. Proc. 58 states that the "entry of the judgment shall not be delayed for the taxing of costs." The comparable Kansas provision, K.S.A. 60-258, has omitted that statement from its adoption in 1963 to the present. Instead, Kansas provides a separate article on costs. K.S.A. 60-2001 *et seq.* Pursuant to K.S.A. 60-2001(d), "other fees and expenses" to be assessed as court costs, in addition to the docket fee, are to be approved by

the court unless specifically fixed by statute. These other fees "shall include, but not be limited to, witness fees, . . . attorneys' fees, . . . and any other fees and expenses required by statute." The subsection further provides: "All additional court costs shall be taxed and billed against the parties as directed by the court."

Under the provisions of K.S.A. 60-2002(a), costs "shall be allowed to the party in whose favor judgment is rendered" unless a statute provides otherwise. The clerk of the court taxes the costs, subject to review by the judge on timely motion by an interested party. K.S.A. 60-2002(c). Among those items listed under the section titled "Items allowable as costs" are "[s]uch other charges as are by statute authorized to be taxed as costs." K.S.A. 60-2003(6). Commenting upon this section, Judge Gard states:

"This section needs no explanation. The taxing as costs of most of the items listed here would follow as a matter of course under the authorization of other statutes. But it is helpful to have the taxable items gathered together in one place, subject, however, to reference to other statutes for authority to tax as costs such things as appraisers' and attorneys' fees, costs on appeal, and the like." Comments, 2 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-2003 (1979).

K.S.A. 60-2002 and 60-2003 indicate the intent of the legislature to award attorney fees as costs in the action. Although the legislature could explicitly require a trial court to decide the issue of attorney fees as part of the merits of the case, the statutes now treat attorney fees as an element of costs to be awarded to the prevailing party. The legislature has characterized an award of attorney fees as something separate from the merits of the underlying case.

We find the reasoning of *Budinich* persuasive. We believe a bright-line rule that a decision on the merits is a final judgment for appeal purposes despite any remaining question as to attorney fees is necessary and appropriate.

We are aware that the rule we have adopted may lead to an occasional "piecemeal" appeal of a judgment on the merits and an award of attorneys fees. The problem of the "piecemeal" appeal may be avoided if trial judges delay entering judgment on the merits until the fee question is resolved and dispose of both the merits and the attorney fees in a single judgment. The better

practice will be to resolve all fee questions in a timely fashion. This will allow an appeal to proceed more expeditiously. We conclude, however, that a decision on the merits is a "final decision" for purposes of appeal whether or not a request or motion for attorney fees attributable to the case remains to be adjudicated. A question of whether to award attorney fees under Kansas statutes is to be regarded as the assignment of costs rather than the termination of a right or liability or grant or refusal of a remedy.

Our alignment with *Budinich* also carries the value of procedural uniformity for state and federal practice in this jurisdiction. Our resolution of this jurisdictional issue follows the course recently charted by Colorado and Connecticut when faced with similar situations. *Baldwin v. Bright Mortg. Co.*, 757 P.2d 1072, 1073-74 (Colo. 1988) (reversing Court of Appeals ruling similar to that entered herein); *Paranteau v. DeVita*, 208 Conn. 515, 520-23, 544 A.2d 634 (1988).

### Supersedeas Bond—Docketing Statement

State Farm also argued that its supersedeas bond filed on May 9, 1988, and the docketing statement filed on May 18, 1988, should be viewed as a second notice of appeal. The Court of Appeals disagreed with this analysis, pointing out that the mandatory requirements for invoking the jurisdiction of the appellate courts of this state are set out at K.S.A. 1989 Supp. 60-2103.

The Court of Appeals was correct in concluding that the docketing statement and supersedeas bond do not satisfy the requirements of filing the notice with the clerk of the district court and in rejecting this argument.

### The Cross-Appeal

Finally, concerning notices of appeal, the Court of Appeals concluded that the cross-appeal of Snodgrass and Hartford must also be dismissed. The first issue raised by Snodgrass and Hartford involves the refusal to give certain instructions, which the Court of Appeals dismissed as moot. The notice of cross-appeal was filed prior to the entry of judgment on the attorney fees issue. The instruction issue may be considered on remand as the notice of cross-appeal was timely filed after the final decision.

The second issue raised by Snodgrass and Hartford concerned the amount of attorney fees awarded. The notice of cross-appeal

did not specify the fee amount as an issue. The Court of Appeals concluded that the issue was not preserved for appeal and would not be considered. We agree.

## Attorney Fees

No appeal or cross-appeal was taken from the May 2, 1988, order awarding attorney fees; consequently, attorney fees are no longer an issue on appeal.

The remaining issues raised in the appeal and cross-appeal are to be considered by the Court of Appeals on remand.

Reversed and remanded to the Court of Appeals with directions to reinstate the appeal and cross-appeal.

ALLEGRUCCI, J., dissenting: I respectfully dissent. As the Court of Appeals noted, attorney fees became an issue in this case upon the filing of the petition. Since the verdict of the jury mandated the allowance of attorney fees, the judgment was not final until the court determined the amount of attorney fees to be awarded to the plaintiffs. Therefore, the Court of Appeals correctly found that State Farm's appeal of the district court's decision was not timely since it did not file a notice of appeal after the district court determined the attorney fees.

The majority finds persuasive the holding in *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 100 L. Ed. 2d 178, 108 S. Ct. 1717 (1988), which was that a decision on the merits is final for purposes of appeal even if a request for attorney fees attributable to the case has not yet been determined.

As noted by the majority, although we are not bound by the interpretation in *Budinich* of the federal statute governing appeals, 28 U.S.C. § 1291 (1982), in *Landscape Development Co. v. Kansas City P. & L. Co.*, 197 Kan. 126, 128, 415 P.2d 398 (1966), we recognized that the federal statute was similar to ours and, therefore, federal decisions construing § 1291 are entitled to persuasive weight. 197 Kan. at 128. However, I do not find the decision in *Budinich* persuasive for several reasons. First, Fed. R. Civ. Proc. 54(d) provides for costs to be awarded to the prevailing party. The comparable Kansas provision on judgments (K.S.A. 1989 Supp. 60-254) omitted this subsection. 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-254 (1979). Fed. R. Civ. Proc. 58 states that the "entry of the judgment shall not be

delayed for the taxing of costs." K.S.A. 60-258(a) contains no similar language. Instead, the Kansas rules provide a separate article on costs, found at K.S.A. 60-2001 *et seq.* Under K.S.A. 60-2001(d), "other fees and expenses" to be assessed as court costs in addition to the docket fee are to be approved by the court unless specifically fixed by statute. These other fees "shall include, but not be limited to, witness fees, . . . attorneys' fees, . . . and any other fees and expenses required by statute." The subsection further provides: "All additional court costs shall be taxed and billed against the parties as directed by the court." In this case, K.S.A. 40-256 allows an award of attorney fees only if the prevailing party is able to establish that the insurance company "refused without just cause or excuse to pay the full amount" of the loss sought against the insurance company. The award of attorney fees is based not just upon the meritorious nature of plaintiff's claim, but upon the insurance company's refusal to pay the claim.

Further, the Court in *Budinich* recognized that attorney fees could be distinguished between those requested pursuant to statutes, causing them to be part of the merits relief, and those specifying that they are to be taxed and collected as costs. 486 U.S. at 201. However, the Court, emphasizing the need for reserving operational consistency and predictability in the overall application of § 1291, chose not to make that distinction in order to fashion a "bright-line" rule.

Finally, we note that on a number of occasions this court has construed the meaning of "final decision" under K.S.A. 1989 Supp. 60-2102(a)(4).

Professor Edward Robinson, commenting upon 60-2102(a)(4), states:

"The court has clearly indicated its position as to the meaning of 'final' with respect to an 'order' or 'decision.' After pointing out that its decisions construing the expression 'final order' as it appeared in G.S. 1949, 60-3302 and 3303 became obsolete with the repeal of those sections by the adoption of the new code, the Kansas court ruled that the word 'final' is to be given its ordinary meaning and an order or a judgment is to be considered as final if all the issues in the case are determined, not just part of the issues *Connell v. State Highway Commission,* 1964, 192 Kan. 371, 374, 388 P.2d 637, 641. Likewise a final order is one which finally decides and disposes of the entire merits of the controversy, and reserves no further questions

or directions for the future or further action: *Cusintz v. Cusintz*, 1965, 195 Kan. 301, 302, 404 P.2d 164. With the exception of the rare instances for interlocutory appeal provided by K.S.A. 60-2102(b), intermediate and piecemeal appeals which tend to extend and prolong litigation are out of place under the new code whose purpose and policy are to secure the just, speedy and inexpensive determination of every action: *Connell v. State Highway Commission*, supra." Authors' Comments, § 2102.2, 6 Vernon's Kansas C. Civ. Proc. § 60-2102 (1967).

In *Gulf Ins. Co. v. Bovee*, 217 Kan. 586, 538 P.2d 724 (1975), the appellant attempted to appeal from the order of the district court overruling his motion to quash an order of garnishment. In dismissing the appeal for lack of jurisdiction, we said:

"Under Article 3, § 3 of the Kansas constitution this court has only 'such appellate jurisdiction as may be provided by law.' Insofar as it is applicable here that law (K.S.A. 60-2102) provides that an appeal from the district court will lie as of right only from a 'final decision' of that court.

"No definition of 'final decision' is contained in the statute but this court has previously construed it to mean, 'one which finally decides and disposes of the entire merits of the controversy, and reserves no further questions or directions for the future or further action of the court.' *Bates & Son Construction Co. v. Berry*, [217 Kan. 322, 324, 537 P.2d 189]; *Cusintz v. Cusintz*, 195 Kan. 301, 302, 404 P.2d 164. See also, *Connell v. State Highway Commission*, 192 Kan. 371, 388 P.2d 637.   . . . .

"As stated in *Connell v. State Highway Commission*, supra (p. 374), 'The policy of the new code [of civil procedure] leaves no place for intermediate and piecemeal appeals which tend to extend and prolong litigation. Its purpose is to secure the just, speedy and inexpensive determination of every action.' To allow an appeal from an interlocutory order such as is presented in this case would be contrary to the policy of the code and set a precedent for future appeals which would serve only to delay and render more expensive the judicial process." 217 Kan. at 587.

In the present case, the district court reserved the question of the awarding of attorney fees for further action by the court and, therefore, precluded appeal as of right until that question was resolved. To hold otherwise would require a second appeal of the court's ruling on the issue of attorney fees, thus resulting in "piecemeal appeals" and extending and prolonging the appeal process. I would decline to adopt the rule as annunciated by the United States Supreme Court in *Budinich* and affirm the Court of Appeals.